**GOLDSTEIN et al. v. SALEE et al.** (Supreme Court, Appellate Term. December 29, 1909.) Appeal from Municipal Court, Borough of Manhattan, Second District. Action by Harris Goldstein and and another against Max Salee and others. From a Municipal Court judgment for plaintiffs, defendants appeal. Af-

firmed. Harry Cook, for appellants. Charles S. Rosenberg, for respondents.

PER CURIAM. Judgment affirmed, with costs.

LEHMAN, J. (dissenting). The plaintiffs herein were employed by the defendants to press garments at a contract price of 30 cents per garment. They deposited with the defendants $150 as security "that they will be responsible for all their help's salary and for all damages made by them or their help." They worked from January 24 to February 25, 1909, and were then discharged by the defendants. They have brought an action, claiming unearned profits as damages for the wrongful discharge, and also $20 for work performed and $150 for the return of their deposit. The jury found a verdict in their favor for $170, the balance unpaid on the work performed and the amount of the deposit. The appeal raises only the question whether this verdict was against the weight of evidence. I am extremely averse to setting aside a verdict of a jury on such grounds. I believe that the verdict of a jury settles all questions of fact, unless the appellate tribunal is convinced that reasonable men could not agree upon such a verdict after a careful consideration and analysis of the evidence. These cases are rare, but in my opinion this case presents such a situation. At the trial the plaintiff Goldstein testified that he and his employés began to work on January 24th; that he was not paid for that week ending January 29th until February 4th, when he received $266.60; that on February 11th he received about $213.29 for the week ending February 4th; that he received $228.14 on February 18th for the week ending February 11th; that he received $177.55 on February 25th for the week ending February 18th; that he was not paid for the week ending February 25th, although he had pressed 584 garments, entitling him to $174; but that he told the defendants that they should pay all the hands on his account, and the defendants paid $154 to the workmen, leaving $20 still due for work performed. This was the plaintiffs' direct testimony, and established a prima facie case in their favor. On cross-examination, however, he testified that he could not say exactly how many garments he pressed in the first week but the number was about 700; that he could refresh his memory only from a memorandum made up from the books which he had given his attorney. His attorney then produced two small books, which the defendants' attorney had marked in evidence as Defendants' Exhibits 1 and 2. The serious question is whether these books contain a true and correct account of the transactions between the plaintiffs and the defendants. If they do, then it appears that the payments entered therein and the $154 paid out on the plaintiffs' account and at their request are more than the amount to which the plaintiffs would be entitled for work done and for the deposit. That they are correct seems to me obvious. The payments therein entered are in exact accordance with the plaintiffs' own testimony, and there is therefore no dispute as to them. The amount of work performed is

not exactly in accordance with the plaintiff Goldstein's testimony on direct; but, as pointed out above, this testimony is based upon a memorandum made from these books. Moreover, on cross-examination the plaintiff was asked: "Is it not a fact that the first week you received no coats at all for which you received 30 cents, but that you finished off 317 coats at 18 cents a coat?" Whereupon his counsel objected: "The book is in evidence, and it speaks for itself." The plaintiff Tunick's testimony is conclusive upon this point. On his direct testimony he stated that he did no work for the defendants which is not entered in the books. These books show that the plaintiffs performed work prior to February 4th amounting to $266.60, and that they received in payment of that work $266.60 on February 4th, and that at the end of each succeeding week they were paid for all the work of that week, and that they were fully paid on February 25th for all work done. Defendant and his bookkeeper testified that they were told thereafter to pay the workmen out of the deposit, and they paid $154 as wages, or more than the amount of the deposit. Goldstein has already testified that he directed them to pay $154 to his workmen, and, while Tunick denied this, he acknowledged in answer to the court's question that he had authorized the payment of a number of the checks which the defendants produced to show this payment. Under these circumstances, it is obvious that the jury's verdict in favor of the plaintiffs for $170 cannot be sustained. The judgment should be reversed, and a new trial ordered, with costs to appellants to abide the event.